

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN MARKAS MARBURY**                                       **PLAINTIFF**

v.                                          CIVIL ACTION NO. 3:14cv319 DPJ-FKB

**HINDS COUNTY, MISSISSIPPI d/b/a
HINDS COUNTY SHERIFF'S DEPARTMENT,
SHERIFF TYRONE LEWIS IN HIS OFFICIAL CAPACITY**         **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW THE PLAINTIFF**, John Markas Marbury, and files this action to recover damages for violations of his rights under the Fair Labor Standards Act against the Defendants, Hinds County, Mississippi, Hinds County Sheriff's Department, and Tyrone Lewis in his official capacity as sheriff of Hinds County, Mississippi. In support of this cause, the Plaintiff will show unto the court the following facts, to wit:

### PARTIES

1.  The Plaintiff, John Markas Marbury, is an adult male resident of Rankin County, Mississippi, residing at 131 Bently Drive, Brandon, MS 39042.

2.  The Defendants are Hinds County, Mississippi, the Hinds County, Mississippi Sheriff's Department, and Tyrone Lewis, sheriff of Hinds County, in his official capacity. Hinds County is a political subdivision of the State of Mississippi.

## JURISDICTION AND VENUE

3. This Court has Federal Question Jurisdiction and Venue is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

## STATEMENT OF THE FACTS

4. Plaintiff was employed by the Hinds County, Mississippi, Sheriff's Department, a law enforcement agency of the political subdivision of Hinds County, beginning in October 1994.

5. Plaintiff was employed as a deputy sheriff with sworn law enforcement duties, including powers of arrest, and meets the description of an employee "...in law enforcement activities," pursuant to 29 C.F.R § 553.211(a).

6. For many years, Plaintiff performed the duties of a patrol officer, and was forced to record overtime as compensatory time in lieu of overtime, presumably in accordance with 29 U.S.C. § 207(k).

7. Defendant calculated pay periods by the calendar month, in excess of the minimum twenty-eight (28) day requirement of 29 U.S.C. § 207(k), thus the compensatory time system Defendant used to calculate time was illegal.

8. Defendant directed Plaintiff and other employees similarly situated to report and bank earned overtime as compensatory time. Defendant(s) maintained a record of the number of compensatory hours Plaintiff banked.

9. During Plaintiff's tenure with the Hinds County Sheriff's Department, Plaintiff was promoted to positions considered administrative and would not be subject to overtime. During this tenure as administrative personnel, Plaintiff did not accrue additional compensatory time, but retained his banked compensatory time in lieu of overtime payments. Defendant(s) allowed Plaintiff to expend compensatory time while in this position, as recently as January 2014. By doing so,

Defendant(s) acknowledged the validity of the existence and Plaintiff's ownership of this compensatory time.

10. Plaintiff resigned from employment with Defendant(s) on or about January 17, 2014, at which time termination under 29 U.S.C. § 207(o) and 29 C.F.R. § 553.27(b) took effect, entitling Plaintiff to payment for unused, banked compensatory time. Upon termination from the department, Plaintiff's records showed Plaintiff had approximately 322 unpaid compensatory time hours of which Defendant(s) owed Plaintiff a duty to pay.

11. Plaintiff received a final paycheck from Defendant(s) on or about January 31, 2014, which included payment for all benefits and time owed Plaintiff with the exception of approximately 322 hours of compensatory time belonging to Plaintiff.

12. Plaintiff attempted to address this issue with Defendant(s)'s legal counsel, Dana Sims, to avoid litigation but could not rectify the payment of earned and owed compensatory time.

13. Defendant(s) has/have acted in bad faith by not paying what was admittedly owed to Plaintiff.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARD ACT

13. Plaintiff was entitled to payment for all accrued compensatory hours upon termination of employment.

14. Defendant engaged in illegally operating a compensatory time system that did not meet the statutory requirements of 29 U.S.C. § 207(k), thus recorded overtime at improper rates of pay (one hour for one hour instead of one and one-half hours for one hour.)

15. Defendant willfully and intentionally failed to pay Plaintiff the money owed Plaintiff for hours earned in violation of the Fair Labor Standards Act.

## **PRAYER FOR RELIEF**

16.  WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that upon hearing of this matter, the Plaintiff be granted the following relief in an amount to be determined:

   a)  Unpaid Compensatory due the Plaintiff at the higher of his last hourly rate or the rate of his last three consecutive years of employment;

   b)  Liquidated Damages;

   c)  Attorney fees;

   d)  Costs and Expenses; and

   e)  Other Damages and Relief as may be proper and appropriate.

This the 16th Day of April, 2014,

Respectfully submitted,

John Markas Marbury

By: _____
Francis S. Springer (MS Bar#103974)

ATTORNEY FOR PLAINTIFF:
Francis S. Springer
MS Bar# 103974
Springer Law Office, PLLC
1042 Gluckstadt Road, Suite C
Madison, MS 39110
Office: 601-605-5004
Fax: 877-605-5004
E-mail: springerlawoffice@gmail.com