UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN MARKAS MARBURY                                                                   PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:14cv319-DPJ-FKB

HINDS COUNTY, MISSISSIPPI, et al.                                                   DEFENDANTS

ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on Defendants' Motion to Dismiss [5].  Because the Complaint states a claim upon which relief can be granted, the motion is denied.

I.      Facts and Procedural History

Plaintiff John Markas Marbury alleges that he was employed as a deputy sheriff with the Hinds County Sheriff's Department from October 1994 through his resignation on or about January 17, 2014.  Marbury alleges that he worked overtime hours under the FLSA that the Sheriff's Department required him to record "as compensatory time in lieu of overtime."  Compl. [1] ¶ 6.  Upon his termination in January, Marbury had approximately 322 unpaid compensatory-time hours for which he asserts he is owed compensation.  Defendants have failed to pay Marbury for the unused banked compensatory time.

On April 16, 2014, Marbury filed this lawsuit against Hinds County, Mississippi, the Sheriff's Department, and Sheriff Tyrone Lewis in his official capacity.  Marbury asserts a single claim for violation of the FLSA in failing to pay Marbury for his accrued compensatory hours upon the termination of his employment.  Defendants filed their motion to dismiss on May 13, 2014, Marbury responded, and Defendants failed to file a rebuttal within the time permitted by

Local Rule 7(b)(4). The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

III.    Analysis

Defendants make three basic arguments in support of their motion to dismiss. First, they assert generally that the Complaint fails to contain sufficient factual allegations to state a plausible claim for relief. Second, they assert that Marbury fails to sufficiently allege coverage

under the FLSA.  Lastly, they argue that neither the Sheriff's Department nor the Sheriff himself are proper parties to Marbury's FLSA claim.[1]

     A.     Facial Plausibility

Defendants characterize Marbury's complaint as containing "only threadbare, speculative allegations devoid of the required factual content or context beyond the elements of the statute." Defs.' Mem. [6] at 3.  But accepting as true all the facts pleaded in the Complaint, the Court concludes that Marbury has pleaded "'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

Specifically, "[t]o show a violation of the FLSA's overtime requirements, a plaintiff must allege (1) that he was employed by the defendant; (2) that his work [is covered under the FLSA]; and (3) that he performed work for which he was undercompensated." *Coleman v. John Moore Servs., Inc.*, No. H-13-2090, 2014 WL 51290, at *2 (S.D. Tex. Jan. 7, 2014).  In this case, Marbury alleges (1) that he "was employed by the Hinds County, Mississippi, Sheriff's Department"; (2) that he worked "as a deputy sheriff with sworn law enforcement duties . . . and meets the description of an employee '. . . in law enforcement activities,' pursuant to 29 C.F.R. § 553.211(a)";[2] and (3) that he worked approximately 322 overtime hours for which he was not compensated.  Compl. [1] ¶¶ 4, 5, 8, 10.

---

[1] Defendants raised additional arguments addressing claims that Marbury has not asserted. The Court need not address these points, as Marbury conceded that he asserts only a single FLSA claim.  Pl.'s Mem. [8] at 5–6.

[2] The second element is discussed more fully *infra*.

Though the Fifth Circuit has not addressed the level of specificity required for an overtime-compensation case under the FLSA, Marbury's averments actually approximate the hours for which he is claiming undercompensation.  His Complaint is therefore more specific than those in the non-binding precedent upon which Defendants rely.  "Although more specific factual allegations would no doubt be helpful, these allegations meet the liberal notice-pleading standard and state a plausible claim that if proven true would entitle [Marbury] to relief." *Haymon v. City of Jackson, Miss.*, No. 3:12cv325-DPJ-FKB, 2012 WL 6626645, at *2 (S.D. Miss. Dec. 19, 2012).

  B.  Whether Plaintiff Failed to Aver Interstate Commerce

According to Defendants, Marbury fails to allege that his "work involved interstate activity" so as to bring him within the FLSA's coverage.  Defs.' Mem. [6] at 7.  Defendants are correct that the FLSA extends its protections to employees "engaged in commerce," including those engaged "in an enterprise engaged in commerce."  29 U.S.C. § 207(a)(1).  But the statutory definitions make clear that Marbury's work as a sheriff's deputy qualifies as employment in an enterprise engaged in commerce.  Specifically, the FLSA defines an enterprise engaged in commerce to include an enterprise that "is an activity of a public agency."  29 U.S.C. § 203(s)(1)(C).  The statute further explains that the term "public agency" includes "the government of a State or political subdivision thereof" as well as "any agency of . . . a State, or a political subdivision of a State."  *Id.* at § 203(x); *see Christensen v. Harris Cnty.*, 529 U.S. 576, 579 (2000) (explaining that through 1966 and 1974 amendments to the statute, Congress extended FLSA coverage "to all state and local employees save elected officials and their staff").

There can be no doubt that Hinds County is a political subdivision of the State of Mississippi. *See* Miss. Code Ann. § 11-46-1(i) (defining "political subdivision" for purposes of Mississippi Tort Claims Act as including "any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including . . . any county"). And Marbury alleges that he was employed by an agency of Hinds County, namely, the Sheriff's Department. Compl. [1] ¶ 4. As such, Marbury has alleged that he was employed by an enterprise engaged in commerce under the FLSA.

C.   Proper Parties

Finally, Defendants argue that neither the Sheriff's Department nor Sheriff Tyrone Lewis, who is sued in his official capacity only, are proper defendants. As to the official-capacity claim against Lewis, the claim "is treated as a claim against [Hinds] County." *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996). As explained *supra*, Marbury states an actionable FLSA claim against Hinds County, and Defendants have offered no reason to support dismissal of the official-capacity claim. Regarding the Sheriff's Department, Defendants never explain why it does not meet the statutory definition of an employer under 29 U.S.C. § 203. On this record, the motion must be denied.

IV.   Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the Motion to Dismiss [5] is denied. The parties are directed to contact the chambers of the magistrate judge within ten days of entry of this order to set the case for a case management conference.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE